**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ALIESKY PEREZ-MANLEE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01509-DB** |
| | § | |
| **WARDEN, ERO EL PASO CAMP EAST** | § | |
| **MONTANA**, *et al.*, | § | |
| **Respondents.** | | |

### ORDER TO SHOW CAUSE & PREVENT PETITIONER'S REMOVAL FROM DISTRICT AND UNITED STATES

On this day, the Court considered the above-captioned case. On May 29, 2026, Petitioner Aliesky Perez-Manlee filed *pro se* a "Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the El Paso Camp East Montana in El Paso, Texas in the Western District of Texas. *Id.* at 1. They argue their detention is unlawful and asks the Court to order a bond hearing or release. *Id.* at 17.

Petitioner is from Cuba and entered the United States in 2022. *Id.* at 6. Upon entry, they encountered immigration authorities and were released into the United States while their immigration proceedings proceeded. *Id.* They have a pending asylum claim. *Id.* On Feburary 11, 2026, Petitioner appeared for an ICE check-in and was detained without an individualized explanation as to why detention was necessary. *Id.* Petitioner has family ties in the United States, does not have a criminal history, and complied with all terms of their previous release. *Id.* To date, Respondents have not provided Petitioner with a bond or a bond hearing on the merits. *Id.* Petitioner has been subject to mandatory detention under 8 U.S.C. § 1225(b) pursuant to Respondents new interpretation of the statute. *Id.* 8–13. Construed liberally, Petitioner argues Section 1225(b) as applied to them violates their Fifth Amendment procedural due process rights

because they have a fundamental liberty interest in being free from official restraint and are being deprived of an individualized hearing to justify detention. *Id.*

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025).[1] As such, it appears from the writ that it should be granted.[2] Nonetheless, this Court will afford Respondents three days to respond as to why it should not be. In so doing, Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome.

Accordingly, **IT IS HEREBY ORDERED** Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the

---

[1] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change the outcome in *Viera* or the Court's subsequent decisions, which were decided on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

[2] 28 U.S.C § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted. . .").

boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.[3]

IT IS FURTHER ORDERED Respondents SHOW CAUSE why such writ should not be granted by filing a response no later **no later than June 4, 2026.**

IT IS FURTHER ORDERED that should Petitioner wish to file a reply, Petitioner shall file a reply **no later than June 8, 2026.**

SIGNED this **1st** day of **June 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[3] This case is filed by an alien detainee seeking relief under habeas corpus. Due to prior incidences in this Court of Respondents or their assigns removing petitioners from the United States and/or jurisdiction of the Western District of Texas – El Paso Division even after the Court orders them not to do so, this Court, in its discretion, finds good cause to issue a temporary restraining order restraining Respondents from removing Petitioner from its jurisdiction or the United States until further order of the Court. *See, e.g. Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, (W.D. Tex. October 30, 2025). In the interest of preserving the status quo and the Court's ability to fully assess this case on the merits, the Court orders that Petitioner not be removed from the United States or to a facility outside the jurisdiction of the Western District of Texas – El Paso Division. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021); *see also Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).